People v McArn (2026 NY Slip Op 00981)

People v McArn

2026 NY Slip Op 00981

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

Ind No. 70902/22|Appeal No. 5902|Case No. 2023-03068|

[*1]The People of the State of New York, Respondent,
vDerric McArn, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Sarah E. Siegel of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Andrew John Loizides of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Jeffrey Rosenblueth, J.), rendered May 4, 2023, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of five years of probation, unanimously modified, on the law, to the extent of striking the condition of probation requiring him to refrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation, and otherwise affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), foreclosing review of his excessive sentence claim. In any event, there is no basis to reduce the sentence.
Defendant's challenges to two of his probation conditions as unrelated to his rehabilitation do not require preservation and survive his appeal waiver (see People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). The court providently found that the condition of defendant's probation requiring him to "[a]void injurious or vicious habits; refrain from frequenting unlawful or disreputable places; and [t]o not consort with disreputable people," was "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]), given his possession of a loaded pistol and his admission to the Department of Probation that he associated with "horrible peers" (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025], lv denied 44 NY3d 1012 [2025]).
However, the probation condition requiring defendant to "[r]efrain from wearing or displaying gang paraphernalia and having any association with a gang or members of a gang if directed by the Department of Probation" should be stricken, as there is no evidence that defendant's crime was connected to any gang activities or that he has any history of gang membership or gang affiliation (People v Holguin, 243 AD3d 419, 420 [1st Dept 2025]).
Defendant's facial constitutional challenges survive his waiver of appeal (see People v Johnson, — NY3d &mdash, 2025 NY Slip Op 06528, *2 [2025]). However, they are unpreserved, and we decline to review them in the interest of justice (see People v Cabrera, 41 NY3d 35, 51 [2023]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026